[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Jerry Rosenblum, was ineffective in assisting him in that he (1) failed to adequately investigate the facts of the case particularly as to identification; (2) failed to discover information favorable to the petitioner which was in the State's file; and (3) failed to recognize petitioner's inability to understand the plea proceedings because of his mental state.
The arrest of the petitioner resulted from the complaint of a female child under the age of thirteen who was the daughter of the woman, with whom the petitioner was then living. On July 7, 1997 he pleaded guilty in the Alford Doctrine to one count of sexual assault in the First Degree and two counts of Risk of Injury to a Minor for alleged sexual conduct with said child which was alleged to have occurred on a day between September 25, 1992 and June 14, 1993 in the apartment where they lived while the mother of said child was sleeping.
The petitioner has called himself and his trial attorney as his only witnesses. The petitioner testified that he had learned that the child gave a description of the male who abused her as being bald and requested his attorney to obtain videotape photos him from the check cashing service where he had cashed his checks during the period listed in the information. He claimed that his hairstyle during such period was a large "Afro" and a beard. His claim was that the child described no "Afro" or beard. He also wanted his attorney to interview a person named Showers with whom he lived for a period during the same time interval as well as to check records of his 45 day stay at Gaylord Hospital, at Columbus House, and a 7 day stay at a New Haven Detoxification Center. He also asked him to interview as character witnesses Patricia Rade and Gail Denay. At the time of his plea he testified that he was on two medications, one for impulsive behavior and the other for anti-depression. The day of the plea he did not take any medication.
Attorney Rosenblum testified that he was unable to obtain the photos which the petitioner wanted. He believes the victim was able to select the photo of the petitioner from an array of photos which were computer generated, none of whom were bald. He requested of the court to be allowed to be present during the show-up but the court felt his presence would be too intimidating. He was aware of the make-up of the photo array. Although the victim didn't know the petitioner's last name she CT Page 7125 was familiar with him. He did explore the likelihood of another person named "Keith" without success. He also attempted to trace the petitioner's whereabouts during the period but it was impossible to account for every day. He had an offer of 10 years suspended after 5 years with 5 years probation but the petitioner didn't accept it until the child selected his photo. At that point the petitioner himself decided it would be best to plead. Rosenblum was surprised to see that the offer was still there because the victim had already been granted a right to have her testimony on videotape and she now had identified the petitioner as the perpetrator. The photo array was not shown until the jury had been selected. When the petitioner decided to plead Rosenblum told him that he would be sent for sex offender treatment as a part of probation and that his refusal to admit his involvement in the sexual conduct would be a reason to drop him from the program which would result in a violation of his probation. The petitioner said he would deal with that when it came about. The main issue in the case was identification. Once that had been made the exposure became more certain.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove counsel's representation fell below an objective I standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. It is clear counsel was aware of the claims of the victim and had gained information concerning a faulty description. The petitioner had produced no further area of discovery which counsel should have made. It was the intention of counsel to use the baldness reference by the victim in the petitioner's defense. Counsel stated that the petitioner did not appear to be under drugs nor mental handicap when he made the choice to plead and his response to the judge's canvas corroborates it. SeeRespondent's Exhibit A.
For the above reasons the petition is denied.
Corrigan, JTR